# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| CONSTRUCTION ENTERPRISES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 3:10-CV-711 |
| ) | |
| WATERSTONE AT PANAMA CITY ) | Judge Nixon |
| APARTMENTS, LLC and THE ) | Magistrate Judge Brown |
| TAPESTRY GROUP, INC., ) | |
| ) | JURY DEMAND |
| Defendants. ) | |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO DISMISS

Waterstone at Panama City Apartments, LLC and The Tapestry Group, Inc. respectfully submit this Response in Opposition to the Motion to Dismiss Counter-Complaint filed by Construction Enterprises, Inc. ("CEI"). CEI argues that the Counter-Complaint should be dismissed for failure to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). However, this argument stems from two faulty premises: (1) that Waterstone and Tapestry contractually waived their rights to pursue damages resulting from CEI's negligent performance, and (2) that the Counter-Complaint fails to satisfy the pleading requirements for a claim of tortious interference with prospective business advantage. As set forth below, CEI's Motion should be denied.

Additionally, CEI failed to move to dismiss the cause of action under the Tennessee Consumer Protection Act; thus, conceding that such claim has been properly pled. Although CEI argues that the claim arises from being unable to lease the property during the peak leasing season, the Counter-Complaint is clear that the cause of action arises from CEI's attempts to enforce a debt not properly due and owing. See Counter-Complaint, ¶¶ 34-40. Therefore, even

if the Motion were well taken, the Counter-Claim under the TCPA must be allowed to go forward.

## ARGUMENT

### A. Standard for Decision under Rule 12(b)(6)

In order to survive a 12(b)(6) motion, the plaintiff's complaint must allege facts which, if proved, would entitle the plaintiff to relief. *Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3d 666, 671 (6th Cir. 2006) (citation omitted). In reviewing a 12(b)(6) motion, this Court "must construe the complaint in a light most favorable to the plaintiff [and] accept all of the factual allegations as true . . . ." *Id*. Although the standard "requires more than the bare assertion of legal conclusions" the requirement under Rule 8(a)(2) remains a liberal pleading standard. *Id*. (quoting *NHL Players Ass'n v. Plymouth Whalers Hockey Club*, 419 F.3d 462, 468 (6th Cir. 2005) (citation omitted)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Hensley Manuf*, 579 F.3d at 609. The standard does not require "detailed factual allegations," although it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The *Twombly* test calls for a "flexible 'plausibility standard,' which obligates a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." *Ashcroft v. Iqbal*, ___ U.S. ___., 129 S. Ct. 1937, 1943 (2009). However, "legal conclusion[s] couched as a factual allegation[s]" are not entitled to any presumption of truth. *Id*. at 555; *Iqbal*, 127 S. Ct. at 1955 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634

(6th Cir. 2007) (holding legal conclusions and faulty inferences "masquerading as factual allegations" are not sufficient to achieve facial plausibility).

The effect of this pleading standard is that a party is not required to use particular phrases or words in order to survive a motion to dismiss. Instead, the cause of action must be "facially plausible" and contain "factual content [from which] the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. This is a fact intensive inquiry, although the pleading party retains the presumption of truth.

    **B.**    **CEI's Motion should be denied as it misconstrues the damages sought by Counter-Plaintiffs, which leads it to the conclusion that all damages were waived under the agreement between the parties.**

Despite CEI's representations to the contrary, Waterstone and Tapestry do not claim only damages resulting from a delay in CEI's full performance of its obligations. Rather, the Counter-Complaint seeks recovery of damages *in addition to* those damages related to their inability to lease the property during the peak leasing season. *See* Counter-Complaint, ¶¶ 13, 14. These out-of-pocket expenses totaled no less than $93,000 for the clean up and fines resulting from CEI's subcontractor exceeding its authorization to clear wetlands as issued by the Florida Department of Environmental Protection. Although CEI's Motion states that such a claim will not be meritorious, such is not the standard for a Rule 12(b)(6) motion to dismiss. Instead, as pled, the Counter-Complaint sufficiently states a claim for contractual set-off.

Additionally, CEI argues that the damages sought, whether arising from the delay or, presumably, those out-of-pocket losses caused by CEI's negligence, have been waived per the terms of the Construction Contract. Again, this is a proper topic for a motion for summary judgment and does not address the sufficiency of Counter-Plaintiffs' properly pled Counter-

Complaint. Nonetheless, in an effort to clarify the issues of law for the parties and the Court, Counter-Plaintiffs will address CEI's argument.

Specifically, CEI cites to Paragraph 15.1.6.1 of the General Conditions of the Contract for Construction, and alleges that Waterstone and Tapestry waived any claims for consequential damages arising out of the contract. Memorandum, pp. 4-5. By way of example, Paragraph 15.1.6.1 applies to such consequential "damages incurred by the Owner for rental expenses, for losses of use, income, profit, financing, business and reputation, and for loss of management or employee productivity . . . ." General Conditions, ¶ 15.1.6. However, these damages do not, nor could they reasonably be interpreted to, include direct out-of-pocket losses Waterstone and Tapestry suffered from CEI's negligence, i.e. $93,000 in fines and remedy paid to the State of Florida for CEI's destruction of its environment. Thus, Counter-Plaintiffs have not, contrary to CEI's overly broad assertions, waived all rights of recovery under the agreement.

Moreover, even if this provision did cover all damages alleged in the Counter-Complaint, the General Conditions of the contract are superseded by the HUD Agreement governing the project. "The provisions of [the Construction Contract] and the said HUD Supplementary Conditions take precedence *over all inconsistent provisions* in the said AIA General Conditions." Construction Contract, Art. I, Section A (emphasis added) (attached as Exhibit A to Plaintiff's Motion to Dismiss, Doc. 6-1). The HUD agreement specifically states that "[i]f the Contractor performs any work knowing it to be contrary to [any applicable] codes, laws, ordinances, rules or regulations, or protective covenants, without giving such notice to the Architect, it shall bear all costs arising therefrom." Construction Contract, Art. 5, Section B, Exhibit A to Plaintiff's Motion to Dismiss, Doc. 6-1. Thus, the purported waiver clause is trumped by this provision in the agreement, and CEI's Motion should be dismissed.

4

## C. CEI is estopped from asserting the waiver provision because it has also filed suit to collect damages related to the Construction Contract.

By virtue of the language quoted by CEI, it is estopped from asserting the defense of waiver. Paragraph 15.1.6 of the Construction Contract is clear that the "Owner and the Contractor waive Claims against each other for consequential damages *arising out of or relating to this Contract*." (emphasis added) (attached as Exhibit B to Plaintiff's Motion to Dismiss, Doc. 6-2). The Fee Agreement, which CEI bases its claim upon, relates to the Construction Contract. Thus, once CEI filed its claim for damages under the Fee Agreement, a related contract, it estopped itself from later arguing that the same provision operated as a bar to recovery by the Counter-Plaintiffs. It would be inequitable for CEI to bring suit for consequential damages, and simultaneously argue that consequential damages are precluded under the terms of the agreement. If such an argument is countenanced by the Court, then CEI's suit should likewise be dismissed.

## D. Waterston and Tapestry properly pled all essential elements for Tortious Interference with Prospective Business Advantage.

CEI argues the Counter-Complaint "must state direct *or inferential* allegations to support 'all the material elements to sustain a recovery under some viable legal theory.' 'Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.'" Memorandum, p. 2 (citations omitted) (emphasis added). However, the intent element of a claim is, in itself, a legal conclusion. Thus, in order for Waterstone and Tapestry to state a cause of action, according to CEI, it must allege the legal conclusion of intent to harm Waterstone and Tapestry. Instead, Waterston and Tapestry have alleged facts from which the Court may *infer* CEI's intent. *See* Counter-Complaint, ¶¶ 9, 11, 20, 26-28, and 31. Thus, Counter-Plaintiffs have stated a claim upon which relief can be granted.

Additionally, the key intent element that CEI claims is missing may be demonstrated by evidence of either "'improper motive *or* means.'" However, Waterstone and Tapestry satisfy the pleading requirement of this element in that they properly alleged: (1) CEI's knowledge of Waterstone and Tapestry's prospective business relationships, and (2) CEI's failure to take steps necessary to remediate the actions of its negligent sub-contractor. *See* Counter-Complaint, ¶¶ 27, 30. Allegations of such inaction satisfy the pleading requirement of the intent element via improper means. Accordingly, Waterstone and Tapestry have properly pled facts from which the Court may infer CEI's improper means and all other essential elements to Tortious Interference with Prospective Business Advantage. Consequently, CEI's Motion to Dismiss Counter-Complaint should be denied.

## CONCLUSION

For the foregoing reasons, Waterstone and Tapestry respectfully submit that CEI's Motion to Dismiss be denied.

Respectfully submitted,

/s/ William A. Lewis
Samuel T. Bowman, B.P.R. No. 020657
William A. Lewis, B.P.R. No. 027377
BAKER, DONELSON, BEARMAN,
    CALDWELL & BERKOWITZ, PC
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, TN 37201
(615) 726-5701
(615) 744-5701 (facsimile)
sbowman@bakerdonelson.com
dlewis@bakerdonelson.com

*Attorneys for Defendants Waterstone at Panama City Apartments, LLC and The Tapestry Group, Inc.*

## CERTIFICATE OF SERVICE

      I hereby certify that on this the 20th day of September, 2010, a true and correct copy of the foregoing document was served on the parties listed below via first class mail, postage prepaid.

John Blankenship
Mary Beth Hagan
Blankenship, Blankenship & Hagan, PLLC
307 Hickerson Drive
Murfreesboro, TN  37129

                                               /s/ William A. Lewis_____