```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION

CONSTRUCTION ENTERPRISES, INC.,   )
                                  )
        Plaintiff                 )
                                  )        No. 3:10-711
v.                                )        Judge Sharp/Brown
                                  )        Jury Demand
WATERSTONE AT PANAMA CITY         )
APARTMENTS, LLC and               )
THE TAPESTRY GROUP, INC.,         )
                                  )
        Defendants                )
```

TO: THE HONORABLE KEVIN H. SHARP

## REPORT AND RECOMMENDATION

Plaintiff/Counter-Defendant Construction Enterprises, Inc. (Plaintiff) has filed a motion for sanctions of default judgment and dismissal of the counterclaim for Defendant's failure to comply with discovery (Docket Entry 22). Plaintiff has filed a memorandum in support of its motion (docket Entry 23). Defendants' Counter-Plaintiffs Waterstone at Panama City Apartments, LLC and The Tapestry Group, Inc. (Defendants) have filed a response (Docket Entry 30). Additionally, Plaintiff has filed a reply brief (Docket Entry 36), as well as a supplement to motion (Docket Entry 44). For the reasons stated below, the Magistrate Judge recommends Plaintiff's motion for sanctions be **GRANTED in part**, thus, the Defendants' damages capped at $93,000, and the Plaintiff awarded $4,000 in attorneys' fees.

## I. INTRODUCTION AND BACKGROUND

Plaintiff basis the present motion on events following the Defendants' counterclaim. Pursuant to the Initial Case Management Order, the discovery deadline was April 1, 2011 (Docket Entry 15). Both parties provided very detailed facts in their filings about the events that have taken place thus far.

Plaintiff sent a letter to the Defendants' prior counsel on August 26, 2010, asking them to investigate the facts of the counterclaim. Plaintiff claims that he provided detailed, irrefutable evidence, including information from the Florida Department of Environmental Protection, that the claims made by Defendants were baseless (Docket Entry 26).

On October 4, 2010, the Defendants stated in their initial disclosure that they were still calculating their damages, however, they had incurred approximately $93,000 in hard costs due to the permit violation caused by Plaintiff's agent (Docket Entry 44-1). Additionally, Defendants claimed they suffered lost revenue, fees, and profits as a result of Plaintiff's action. *Id.*

One day later, after the parties made their initial disclosures, Plaintiff sent a letter to counsel for the Defendants requesting supplementation of the disclosures, specifically regarding the amount claimed under the counterclaim (Docket Entry 25-1). Initial disclosures were not supplemented. *Id.*

In January of 2011 parties had a telephone conference in preparation for the joint report regarding A.D.R. (Docket Entry 18). The parties discussed their beliefs that extended negotiations may lead to a resolution of dispute. *id*. Upon Plaintiff's repeated request, Defendants agreed to supplement their initial disclosure with a more specific calculations of damages. *Id*. On January 24, 2011, Plaintiff served a request of written discovery on each Defendant (Docket Entry 25-2).

On February 1, 2011, both parties met with the undersigned Magistrate Judge and advised him that they were exploring settlement (Docket Entry 19). Therefore, the Magistrate Judge concluded that there was no need for changes to the scheduling order at that time. *Id*.

In March 2011 the Defendants allege they made further communication with Plaintiff regarding settlement (Docket Entry 30-1). However, no settlement agreement was reached. *Id*. On March 21, 2011, after receiving no response, no request for extension, and no objections from the first request, Plaintiff sent an email to Defendant' counsel requesting the responses to written discovery (Docket Entry 25-3). The next day, on March 22, 2011, after not receiving a response to his email, Plaintiff served notices of deposition on the only two persons who were specifically named in the Defendant's Rule 26(s) initial disclosures (Docket Entry 25-4). The notice of deposition purported to require that one of the

persons travel to Nashville, rather than have the deposition at his principal office (Docket Entry20-1). One day later, on March 23, 2011, counsel for the Defendants informed Plaintiff that they would be withdrawing from representation of the Defendants.[1] Additionally, Defendants told Plaintiff that the two persons would not appear for depositions. *Id*.

On March 30, 2011, at the request of the Plaintiffs, the parties had a conference call with the undersigned in order to resolve the discovery dispute (Docket Entry 20). The undersigned Magistrate Judge warned the Defendants that failure to cooperate with discovery could have serious consequences up to and including default judgment against them. *Id*.

Plaintiff filed a motion for sanctions on April 6, 2011 (Docket Entry 22). Additionally, Plaintiff included its incurred legal fees and expenses as a direct result of the Defendant' failure and refusal to respond to discovery requests (Docket Entry 25-5). *Id*. On April 15, 2011, new counsel, Phillip L. Robertson, filed a notice of appearance as counsel for the Defendants (Docket Entry 27). On April 25, 2011, Defendants' new counsel filed a response to the Plaintiff's motion for sanctions (Docket Entry 30).

On May 22, 2011, over seven months later, the Defendants filed a supplemental initial disclosure (Docket Entry 44-2).

---

[1]Counsel for Defendants filed a motion to withdraw as counsel of record on April 5, 2011 (Docket Entry 21).

4

Defendants repeated their initial damages of $93,000, but added total loss, use, and revenue of $528,000. *Id*. Further, Defendants stated that documents supporting the damages claimed are available for copying and inspection upon request. *Id*.

On June 8, 2011, parties had a hearing on the motion for sanctions (Docket Entry 42) with the undersigned. Just prior to the commencement of the hearing, Defendants provided requested documents to Plaintiff (Docket Entry 44).

Lastly, on June 10, 2011, Plaintiff filed a supplement to motion for sanctions, which expressed frustration with the documents that were provided before the June 8th hearing. *Id*. Plaintiff further requested that the Court dismiss the counterclaim and enter default judgment in favor of Plaintiff or grant such other relief the Court deemed appropriate. *Id*. Plaintiff additionally requested that should the Court allow the counterclaim to proceed, that as the Court indicated as a possible sanction, the Defendants' damage be capped at the $93,000; that any depositions or other discovery that are allowed to take place in this proceeding that require travel or other expense be paid fully and solely by the Defendants; and that Plaintiff be allowed to supplement its requests for attorneys' fees by adding time, which increases Plaintiff's requested attorneys' fees and expenses to $8,542.00.

## II. LEGAL ANALYSIS

Before the Court is Plaintiff's motion for sanctions pursuant to Fed. R. Civ. P. 37 (Docket Entry 22). Plaintiff's motion asks the undersigned to consider several different sanctions for failure to comply with discovery: (1) dismissal of Defendants' counterclaim and to enter default judgment in favor of the Plaintiff; (2) Defendants' damages be capped at the $93,000 stated in the original counterclaim; (3) any disposition or other discovery that are allowed to take place in this proceeding that require travel or other expenses be paid fully and solely by the Defendants; (4) Defendants be precluded from relying on late served discovery, witnesses, or incomplete disclosures; and (5) Plaintiffs be allowed to supplement its request for attorneys' fees by adding the additional time, which increases Plaintiff's attorneys' fees and expenses to $8,542. Defendants have responded. On June 8, 2011, this Court heard oral arguments from the parties on this motion. Based upon the pleadings, the parties' arguments an the entire record in this matter, the Magistrate Judge recommends that sanctions in the form of capping Defendants' damages and payment of attorneys' fees are appropriate in this case, given Defendants' pattern of delay and disregard of Court-ordered deadlines.

Fed. R. Civ. P. 37 governs when a party may move for an order compelling discovery, and the sanctions available to a court if a party defies such an order. Fed. R. Civ. P. 37(b)(2)(C)

authorizes a court to go so far as to dismiss a complaint or render a default judgment against a disobedient party. "The use of dismissal as a sanction for failing to comply with discovery has been upheld because it accomplishes the dual purpose of punishing the offending party and deterring similar litigants from misconduct in the future." *Freeland v. Amigo*, 103 F.3d 1271, 1722 (6th Cir. 1997) (citing *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639 642-43 (1976)). However, "[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault." *Reg'l Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 153-54 (6th Cir. 1988() (quoting *Patton v. Aerojet Ordnance Co.*, 765 F.2d 604, 607 (6th Cir. 1985)).

By its plain terms, Rule 37(b) authorizes sanctions for failure to comply with a discovery order, including but not limited to orders issued under Rule 37(a). *See* Fed. R. Civ. P. 37(b)(2)(A). Here, Defendants failed to comply with the Court's scheduling order under which Defendant was to respond to Plaintiff's discovery requests by April 1, 2011 (Docket Entry 15). Thus, sanctions are available under Rule 37(b). As for the procedural framework, a Magistrate Judge cannot himself dismiss a party's claim (§ 636(b)(1)(A)), but he may recommend such dismissal § 636(b)(1)(B)).

7

The Plaintiff first requests sanctions of dismissal for the failure to comply with discovery. The Sixth Circuit has identified four factors which should be considered when reviewing a decision by a district court to dismiss a case under Rule 37. *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995). The first factor is whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; the second factor is whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; the third factor is whether the dismissed party was warned that failure to cooperate could lead to dismissal; and the fourth factor is whether less drastic sanctions were imposed or considered before dismissal was ordered. *Id*.

In this case, the Magistrate Judge does not recommend dismissal as sanctions because there is still a pending motion for dismissal on other grounds (Docket Entry 6) before the District Judge.[2] Nevertheless, the Magistrate Judge does not believe dismissal is appropriate because less drastic sanctions have not yet been imposed. While the Magistrate Judge does not condone this delay and recognizes that there has been a pattern of delay in this case, he does not recommend that missing this deadline calls for dismissal.

---

[2]The pending motion to dismiss before the District Judge was not referred to the undersigned Magistrate Judge for report and recommendation.

8

Secondly, the Plaintiff requests the Defendants' damages be capped at $93,000, which was the amount stated in their initial disclosure. The Defendants described their total damages of $528,000 in their supplemental initial disclosure (Docket Entry 44-2), which was filed over seven months after the initial disclosure, and over one and one-half months after the discovery deadline. Indeed, a party has a duty to timely supplement to correct incomplete or incorrect information. However, a party may not use the guise of "supplementation" to "ignore court deadlines, reopen discovery, find new facts, and generate new expert reports." *See* Fed. R. Civ. P. 26(e)(1). The Magistrate Judge believes that the Defendants' supplemental initial disclosure was not submitted in a timely matter. The Defendants knew of the discovery deadline of April 1, 2011, since September 20, 2010 (Docket Entry 15) and deliberately disobeyed the Court. Furthermore, the Defendants filed the original damages in their initial disclosure on October 4, 2010, but did not file the total calculated damages until May 22, 2011. This further illustrates that the $528,000 damages were not filed in a timely manner, and even suggests that the Defendants were using supplementation to ignore the Court deadlines. Therefore, the Magistrate Judge believes it is appropriate to grant the Plaintiff's request and cap the Defendants' damages at $93,000, which was the amount stated in the original counterclaim.

In addition to the sanctions of dismissal and damage capping, the Plaintiff requests that Defendants be ordered to pay travel or other expenses on the future discovery. Secondly, the Plaintiff requests that the Defendants be precluded from rely on late discovery. The Magistrate Judge believes that these requests are moot because the discovery deadline has already passed. On May 20, 2011, the Magistrate Judge denied the Defendants' motion for extended discovery time. Their motion was denied because the Defendants did not conduct a telephone conference, which was required by the scheduling order (Docket Entry 40). Therefore, the Court recognizes the original discovery deadline of April 1, 2011. Within the discovery deadline already passed, the Magistrate Judge believes that no sanction is necessary regarding future discovery, and therefore, the Magistrate Judge recommends denying these two sanction requests.

Lastly, the Plaintiff requests sanctions in the form of attorneys' fees and expenses. The Magistrate Judge does believe that sanctions are appropriate in the form of payment of expenses under Rule 37(b)(2)(C). Under this Rule, the Court must "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an aware of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). Here, the failure to obey the Court-ordered discovery

deadline was not substantially justified. Accordingly, the Magistrate Judge recommends that Defendants and attorney pay the reasonable expenses, including attorneys' fees, incurred by Plaintiff in responding to delayed discovery and in filing and arguing the motion for sanctions. Despite the Plaintiff's submitted affidavits, requesting $5,200 and $3,342 for a total of $8,542 in attorneys' fees, the Magistrate Judge believes the submissions are lacking sufficient detail to award the full requested amount. Therefore, the Magistrate Judge recommends the Defendants pay $4,000 in attorneys' fees to the Plaintiff, unless more specific fee information is submitted.[3] With lesser sanctions now being imposed, the Magistrate Judge puts the Defendants on notice that dismissal of the counterclaim will be considered if there is any further unjustified delay.

### III. CONCLUSION

For the reasons stated above, the Magistrate Judge recommends that Plaintiff's motion for sanctions be **GRANTED in part**, thus, the Defendants' damages be capped at $93,000, and the Plaintiff be awarded $4,000 in attorneys' fees.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this

---

[3]The Magistrate Judge believes a more detailed description of attorneys' fees is necessary in order to accurately analyze the reasonableness of the requested fees.

Recommendation with the District Court.  Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

ENTER this 1st day of August, 2011.

/s/ Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge